643 S.E.2d 685

**In the Matter of Elizabeth Lane COOK, Respondent.**

**No. 26292.**

Supreme Court of South Carolina.

Submitted Feb. 26, 2007.

Decided March 26, 2007.

Henry B. Richardson, Jr., Disciplinary Counsel, and Barbara M. Seymour, Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Elizabeth Lane Cook, of Irmo, pro se.

PER CURIAM:

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to issuance of an admonition or a public reprimand. We accept the agreement

and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

### Matter I

In June 2001, respondent contracted with Complainant A's court reporting agency to provide services concerning a particular civil action. Respondent agreed to pay for Complainant A's services within ninety (90) days of the billing date. Complainant A provided respondent with the requested services and, on July 30, 2001, issued an invoice in the amount of $219.02. In December 2001, Complainant A filed a complaint with the Commission on Lawyer Conduct (the Commission) alleging respondent failed to timely pay the invoice which, at that time, totaled $227.02, including late charges.

On July 19, 2002, respondent entered into a deferred disciplinary agreement with the Commission. That agreement included a disposition of Complainant A's complaint and respondent's admission that she received multiple invoices from Complainant A, that she was not diligent in paying for the court reporting services, and that her lack of diligence constituted a failure to safe keep Complainant A's property. In addition, respondent admitted she failed to respond to ODC's lawful inquiries in regard to Complainant A's complaint.

The deferred disciplinary agreement included a provision that respondent would pay full restitution to "all clients and third parties harmed by [her] actions" within ninety (90) days of the date of the agreement. The agreement included a further provision that respondent would file proof of restitution with ODC within ninety (90) days of the date of the agreement.

Respondent paid all obligations under the deferred disciplinary agreement except Complainant A's bill. In addition, respondent did not file proof of restitution. Respondent did not consult with ODC when her financial and personal circumstances rendered her unable to comply with the terms of her agreement.

### Matter II

From December 2002 through March 2004, Complainant A or a representative of his company contacted respondent

approximately fourteen (14) times by telephone, voicemail, and facsimile requesting that she pay the outstanding invoice. During this period of time, respondent paid Complainant A's agency $50.00. She did not meet her obligation in full to the court reporting service until April 2004, after receiving notice of Complainant A's second grievance from ODC. On October 21, 2005, an investigative panel terminated deferment of discipline and resumed full investigation.

### Matter III

Respondent represented Complainant B in a civil matter through her employment with the South Carolina Centers for Equal Justice (SCCEJ). Respondent subsequently left SCCEJ. Complainant B was not satisfied with how his matter was handled upon respondent's departure from SCCEJ.

On November 24, 2004, ODC sent respondent a copy of Complainant B's complaint with a request that she provide a written response within fifteen (15) days in accordance with Rule 19(b), RLDE. Respondent did not respond as requested.

On January 19, 2005, ODC sent respondent a reminder letter, again requesting a written response to the complaint and reminding her of her obligations pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982). Respondent did not respond as requested.

On March 7, 2005, ODC served respondent with a notice of full investigation which included direction that she respond in writing within thirty (30) days in accordance with Rule 19(c), RLDE. Respondent did not respond until December 1, 2005, almost eight months after her response was due.

ODC has reviewed the SCCEJ file regarding Complainant B's legal matter and finds no misconduct on respondent's part. Respondent acknowledges that her failure to respond and her complete disregard of her obligations to cooperate in this investigation caused ODC to expend unnecessary time and effort.

### LAW

Respondent admits that by her misconduct she has violated the Rules of Professional Conduct, Rule 407, SCACR. *See*

Rule 1.15 (lawyer shall promptly deliver funds to which a third party is entitled), Rule 8.1 (lawyer shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority), and Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct). In addition, respondent acknowledges that her misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate the Rules of Professional Conduct), Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to bring legal profession into disrepute), and Rule 7(a)(9) (it shall be ground for discipline for lawyer to willfully fail to comply with the terms of a finally accepted deferred disciplinary agreement).

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for her misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.